UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

ALAN CHAU, et al.,                )
                                  )
    Plaintiffs,                   ) Civil Action No. 5:10-cv-416-JMH
                                  )
v.                                )
                                  ) **MEMORANDUM OPINION AND ORDER**
TRADITIONAL BANK, INC.,           )
                                  )
    Defendant.                    )

                         **      **      **      **      **

This matter is before the Court upon Defendant's Motion to Dismiss the plaintiffs' Complaint [Record No. 11]. Plaintiffs filed a Response in Opposition to the Motion to Dismiss [Record No. 14], and Defendant Replied [Record No. 15]. Additionally, the plaintiffs were granted leave to file a Surreply[1] [Record No. 21]. This matter has been fully briefed and is ripe for review.

In their Complaints, filed on December 7, 2010 in Civil Action No. 10-cv-416-JMH and December 10, 2010 in Civil Action No. 10-cv-417-JMH, which were consolidated on December 28, 2010, Plaintiffs Alan Chau and Huong Chau assert that Defendant Traditional Bank violated the Racketeering Influenced and Corrupt Organizations Act,

---

[1] Plaintiffs' Surreply also requests leave to file an Amended Complaint, but fails to develop any argument supporting this request. Further, Plaintiffs fail to allege any specific facts which, if pled in an Amended Complaint, would alter this Court's analysis herein. Accordingly, Plaintiff's request is denied as futile. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008).

the Equal Credit Opportunity Act, the Real Estate Settlement Practices Act, and the Truth-in-Lending Act and are liable to them on the state law theories of fraud, unconscionability, and civil conspiracy. Based on the Complaint and the exhibits appended thereto, the Court understands that Plaintiff's claims arise out of loan agreements made by the parties for the purchase of seven real properties:

    1) 627 Martin Luther King Boulevard, Lexington, Kentucky;
    2) 508 Dunaway Street, Lexington, Kentucky;
    3) 103 Hagerman Court, Lexington, Kentucky;
    4) 9101 Hickory Hill Road, Lexington, Kentucky;
    5) 145 Montmullin Street, Lexington, Kentucky;
    6) 100 Creek Ridge Drive, Nicholasville, Kentucky; and
    7) 306 Anza Drive, Nicholasville, Kentucky.

The property located at 306 Anza Drive, Nicholasville, Kentucky, was purchased and maintained as the Chaus' primary residence. The remaining locations were all commercial properties.

The Court notes that the allegations in the Complaint are nearly identical to the issues raised in two similar cases filed in the Eastern District of Kentucky, styled *Alan Chau, et al., v. First Federal Bank, et. al.,* Civil Action No. 5:10-cv-353-JMH and *Alan Chau, et al., v. First Federal Bank, et. al.,* Civil Action No. 5:10-cv-396-JMH, in which similar motions to dismiss were granted.

**I.   BACKGROUND**

On or about June 25, 2010, Traditional Bank filed a foreclosure action in Fayette Circuit Court, Action No. 10-CI-03755, regarding the real properties located at 627 Martin Luther

King Boulevard, Lexington, Kentucky; 508 Dunaway Street, Lexington, Kentucky; 103 Hagerman Court, Lexington, Kentucky; 9101 Hickory Hill Road, Lexington, Kentucky; 145 Montmullin Street, Lexington, Kentucky. The Fayette Circuit Court granted Summary Judgment on or about October 21, 2010, and these properties have since been sold by the Fayette County Master Commissioner.

On or about June 28, 2010, Traditional Bank filed a foreclosure action in Jessamine Circuit Court, Action No. 10-CI-00752, regarding the real properties located at 100 Creek Ridge Drive, Nicholasville, Kentucky and 306 Anza Drive, Nicholasville, Kentucky. The Jessamine Circuit Court awarded Judgment and Order of Sale on or about October 25, 2010, and the properties have since been sold.

It is undisputed that Plaintiffs did not assert any of their claims herein as defenses or counterclaims in the state court actions. Furthermore, Plaintiffs did not appeal or otherwise challenge the judgments entered in the state court actions.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th

Cir. 1987)). "[T]he Court may consider, without converting Defendants' motion to dismiss into a motion for summary judgment, the facts alleged in the . . . Complaint, any documents attached or incorporated in . . . Amended Complaint, and public documents of which the Court can take judicial notice." *U.S. ex rel. Dingle v. BioPort Corp*., 270 F.Supp.2d 968, 971-72 (W.D.Mich. 2003), citing *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), *overruled in part on other grounds, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508-14 (2002); *Yeary v. Goodwill Indus.-Knoxville, Inc.,* 107 F.3d 443, 445 (6th Cir. 1997); *Armengau v. Cline,* 7 F. App'x 336, 344-45 (6th Cir. 2001). Accordingly, the background set forth below has been taken from the averments in Plaintiffs' Complaint, with the exception of the facts related to certain filings in the state court proceedings set forth above, of which the court may take judicial notice.[2] With respect to the averments set forth in Plaintiffs' Complaint, the Court accepts Plaintiffs'

---

[2] Under Fed. R. Evid. 201, this Court may take judicial notice of adjudicative facts, i.e., those which are "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Public records, such as the pleadings filed in a state court action, and government documents are generally considered "not to be subject to reasonable dispute." *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999). The Court construes Defendants' Motion to Dismiss to include a request to take judicial notice of the fact that Plaintiffs failed to raise any of the claims in their Complaint as defenses or counterclaims in the state court actions, and has determined, in the absence of any objection on this issue by the Chaus, to take notice as requested.

averments as true for the purposes of evaluating Defendant's Motion to Dismiss.

"A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007). The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

## III. DISCUSSION

The issue before this Court is whether Plaintiff's claims against Traditional Bank in this suit should have been brought as compulsory counterclaims in the state court actions and, as a consequence, whether the failure to raise these claims before that those courts forecloses their litigation here. Having carefully

considered the matter, the Court concludes that to be the case and shall dismiss Plaintiffs' claim on that ground.

Ky. CR 13.01 provides as follows:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

"The counterclaim must be asserted only if it [arises] out of the transaction or occurrence that is the subject matter or foundation of the opposing party's claim. If it is not presented by pleading the matter will be *res judicata*, and it would not support an independent action." *England v. Coffey*, 350 S.W.2d 163, 164 (Ky. 1961). This is true whether the party filed a responsive pleading, or if judgment was entered by default. "[W]hen one is duly summonsed and suffers a default, he not only loses his right to defend in that litigation, but also his right to assert in an independent action a claim deemed to have been a compulsory counterclaim under CR 13.01." *Cianciolo v. Lauer*, 819 S.W.2d 726, 727 (Ky.App. 1991).

"Kentucky law thus precludes assertion of counterclaims for the first time in a subsequent action," and the same is true where the subsequent action is filed or removed to a federal court. *Holbrook v. Shelter Insurance Company*, 186 F. App'x 618, 622, 2006

WL 1792514 (6th Cir. 2006). "[C]laims coming within the definition of 'compulsory counterclaim' are lost if not raised at the proper time." *Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.*, 214 F.3d 770, 772 (6th Cir. 2000)(citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1 (1974)).

The rationale is simple, as explained by the United States Supreme Court in *Southern Const. Co. v. Pickard*:

> The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint. See, e.g., *United States v. Eastport S.S. Corp.*, 2 Cir., 255 F.2d 795, 801-802.

*Southern Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962) (construing Fed. R. Civ. P. 13); *See also Williams v. Carter Bros.*, 390 S.W.2d 873, 875 (Ky. 1965) ("The real purpose of [Ky. CR] 13.01 is to require that all issues be resolved between the parties in one trial and to avoid the multiplicity of trials.").

The claims that Plaintiffs now seek to prosecute against Traditional Bank arise out of the same transactions or occurrences as Traditional Bank's claims against them and were claims that the Chaus had at the time they served, or should have served, their responsive pleading in the state court actions. In other words,

they were required to bring the claims averred in the Complaint in this matter in the state court action. Accordingly, Plaintiffs' claims against Traditional Bank, all of which could and should have been raised as compulsory counterclaims in the state court action, shall be dismissed as *res judicata*.

**IV. CONCLUSION**

For all of the reasons stated above, Plaintiffs have failed to state legal claims against Defendant that are "plausible, i.e., more than merely possible". It follows that Defendant's Motion to Dismiss shall be granted and that Plaintiffs' Complaint shall be dismissed.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

This the 9th day of May, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge